IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIQ WYATT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-3778 |
| | : | |
| MUNICIPALITY OF COMMONWEALTH OF PHILADELPHIA, et al. | : : | (consolidated with Civil Action No. 14-1205) |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                                                      **October 4, 2019**

Pro se Plaintiff Tariq Wyatt filed a Complaint against Defendants Corrections Officers Johnson and Byrne for violating his constitutional rights. Wyatt alleges the officers ignored his complaints about his cellmate who eventually assaulted him.

For over a year, Wyatt and the City of Philadelphia have been working to identify Officers Johnson and Byrne so they can be served. The City has combed through its records and sent Wyatt pictures of any officers with last names similar to Johnson and Byrne. It also produced to Wyatt a daily prison roster showing which officers worked in the prison each day for the two months leading up to the alleged assault. Despite these efforts, Wyatt still has not been able to identify the two officers he wishes to sue. Because Wyatt cannot identify these officers, the U.S. Marshals Service cannot serve them. The Court will therefore dismiss this case against the officers without prejudice for failure to serve.

**BACKGROUND**

On February 27, 2014, Wyatt filed a Complaint against two corrections officers identified only as Officers Johnson and Byrne. In his Complaint, he alleged the officers failed to protect him against his cellmate. He alleged he complained to the officers about his cellmate and they did nothing. Then, according to Wyatt, his cellmate attacked him. Wyatt alleged he was seriously injured in this attack.

On March 19, 2014, this Court directed the marshals to serve Officers Johnson and Byrne. The marshals could not serve the officers, however, because the City of Philadelphia could not identify them without their first names. On July 22, 2014, this Court directed Wyatt to provide the officers' first names. Wyatt responded to the Court's request by saying he was unable to get the officers' first names because Department of Corrections policy precludes him from having that information. Because the officers could not be served without their first names, this Court dismissed Wyatt's case without prejudice on August 6, 2014. Wyatt appealed this dismissal to the Third Circuit, but his appeal was dismissed because he did not file a brief or an appendix.

On July 12, 2016, about a year and a half after his appeal was dismissed, Wyatt filed a new case against the City of Philadelphia. In his new Complaint, he alleged the City violated his constitutional rights when it did not accept service of his summonses without the first names of the officers. This Court dismissed Wyatt's new Complaint on July 21, 2016, for failure to state a claim. Wyatt appealed the dismissal, and the Third Circuit vacated this Court's order. The Third Circuit instructed this Court to view Wyatt's second lawsuit as an attempt to add the City as a defendant to his first lawsuit. The Third Circuit noted that, on remand, "the City should take appropriate steps to identify the individual defendants based on the information that Wyatt has provided." *Wyatt v. Municipality of Commonwealth of Phila.*, 718 F. App'x 102, 105 (3d Cir. 2017).

In accordance with the Third Circuit's instructions, on January 8, 2018, this Court ordered the City to take steps to identify Officers Johnson and Byrne. The City has been working with Wyatt to identify the officers since then. On May 21, 2018, the City notified the Court that no one with the last name Byrne worked in Wyatt's unit around the time Wyatt was allegedly assaulted. The City also told the Court it had identified four officers with the last name Johnson who worked

in Wyatt's unit during the relevant time. At a hearing on July 13, 2018, Wyatt reviewed pictures of the four Officer Johnsons and said none of these officers is the officer he wants to serve.

At the hearing, the Court ordered the City to take additional steps to try to identify the officers. On July 27, 2018, the City advised the Court that it had expanded the time period it was using to search for the officers to the six months surrounding the alleged assault. The City also advised the Court that it searched for alternative spellings for the name Byrne. The City's new search turned up two more Officer Johnsons and an Officer Byard. The City sent Wyatt pictures of these additional officers, and Wyatt again said none of these officers are the people he intends to sue.

Over the next few months, the City continued its search for the officers. It located daily rosters from Wyatt's prison as well as a roster of all Philadelphia Department of Prisons employees around the time of Wyatt's alleged assault. The City produced these records to Wyatt. In an effort to identify Officer Byrne, the City also gave Wyatt pictures of all officers in his prison with a last name beginning in "B." After reviewing the rosters and the pictures, Wyatt again stated that none of these corrections officers were the officers he intended to sue. Instead, he insisted the City was making "false statements." Def.'s October 10, 2018 letter at 2. He said that he was "100% sure" that he had the correct spelling of Officer Byrne's name. *Id.* at 3. He then suggested that the City interview other inmates and produce a logbook from several months after the alleged assault.

On July 9, 2019, this Court ordered Wyatt to show cause why his claims against the officers should not be dismissed without prejudice for lack of service. On August 1, 2019, Wyatt filed a brief arguing his case should not be dismissed. He again stated that the City's records were fraudulent and insisted more steps should be taken to locate the officers.

**DISCUSSION**

When a plaintiff has not served his complaint within 90 days, a court must either dismiss the complaint or order service to be made within a specified time. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for his failure to serve, the court must extend the time for service. *Id.* When a pro se prisoner seeks to serve a summons, he "is entitled to rely on service by the U.S. Marshals, but only after [he] has taken reasonable steps to identify the defendants." *Powell v. Symons*, 680 F.3d 301, 310 n. 8 (3d Cir. 2012) (citing *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–87 (11th Cir. 2009)); *see also Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (affirming a dismissal for lack of service when a pro se prisoner plaintiff gave the marshals the wrong addresses for the defendants).

The City has worked diligently with Wyatt to try to identify the individual defendants in this case. Yet, after more than a year and a half, Wyatt has not identified Officers Johnson and Byrne. The City has produced extensive records and pictures to aid Wyatt's identification. The City has also expanded the timeframe it used to search for the officers, and it has researched officers with similar last names. Wyatt insists none of the officers the City has found are the officers he intends to sue, and he claims the City's records are fraudulent. In light of these events, the Court finds Wyatt has failed to show good cause why his claims against Officers Johnson and Byrne should not be dismissed for lack of service. The Court will therefore dismiss Wyatt's claims against these Defendants without prejudice.

An appropriate order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.