IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TARIQ WYATT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-3778 |
| | : | |
| MUNICIPALITY OF COMMONWEALTH | : | (consolidated with Civil Action |
| OF PHILADELPHIA, et al. | : | No. 14-1205) |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                 **March 31, 2021**

      Pro se Plaintiff Tariq Wyatt brings this civil rights action against Defendant the City of Philadelphia. Wyatt claims the City has denied him access to the courts by refusing to accept service of his complaint in a separate case, against correctional officers with the last names Johnson and Byrnes.[1] Wyatt alleges the City would not accept service on behalf of the correctional officers unless he provided their first names, but that correctional department rules prohibited him from obtaining this information. The City moves to dismiss Wyatt's claims for failure to prosecute because Wyatt stated he would not attend the trial for this case. The City also moves for summary judgment arguing Wyatt has adduced no evidence of an unconstitutional policy, practice, or custom employed by the City against him that has denied Wyatt access to pursuing his civil rights claims in the other case against Johnson and Byrnes. The Court will grant the City's motion for summary judgment because there is no genuine dispute of material fact as to whether Wyatt was denied a chance to pursue a nonfrivolous or arguable underlying claim.[2]

---

[1] Johnson and Byrnes were previously named as individual defendants in this consolidated action. The Court dismissed them from this case because Wyatt was unable to identify the officers, preventing the U.S. Marshals from serving them. *See* Order, Oct. 7, 2019, ECF No. 28.

[2] Because the Court will grant the City's motion for summary judgment, the Court need not address the City's arguments for dismissal for failure to prosecute.

**BACKGROUND**

Wyatt is an inmate currently in custody at the State Correctional Institution in Frackville, Pennsylvania (SCI). On February 27, 2014, Wyatt filed a complaint against two corrections officers identified only as Officers Johnson and Byrne.[3] In his complaint, he alleged the officers failed to protect him from his cellmate while he was at the Philadelphia Industrial Correctional Center (PICC). He alleged he complained to the officers about his cellmate and they did nothing. Then, according to Wyatt, his cellmate attacked him and he was seriously injured in this attack.

On March 19, 2014, this Court directed the U.S. Marshals to serve Officers Johnson and Byrne. The Marshals could not serve the officers, however, because the City could not identify them without their first names. On July 22, 2014, this Court directed Wyatt to provide the officers' first names. Wyatt stated he was unable to get the officers' first names because there is a Department of Corrections policy that precludes inmates from obtaining that information. Because the officers could not be served without their first names, the Court dismissed Wyatt's case without prejudice on August 6, 2014. Wyatt appealed this dismissal to the Third Circuit, but his appeal was dismissed because he did not file a brief or an appendix.

On July 12, 2016, about a year and a half after his appeal was dismissed, Wyatt filed the above-captioned case against the City of Philadelphia. In this Complaint, he alleged the City violated his constitutional rights when it did not accept service of his summonses without the first names of the officers. The Court dismissed Wyatt's Complaint on July 21, 2016, for failure to state a claim. Wyatt appealed the dismissal, and the Third Circuit vacated the Court's order. The Third Circuit instructed the Court to view Wyatt's second case as an attempt to add the City as a

---

[3] This case was originally Civil Action No. 14-1205, and is now consolidated with the above-captioned case.

defendant to the first case. The Third Circuit noted that, on remand, "the City should take appropriate steps to identify the individual defendants based on the information that Wyatt has provided." *Wyatt v. Mun. of Phila.*, 718 F. App'x 102, 105 (3d Cir. 2017).

In accordance with the Third Circuit's instructions, on January 8, 2018, the Court ordered the City to take steps to identify Officers Johnson and Byrne. The City has worked with Wyatt to identify the officers since then. On May 21, 2018, the City notified the Court that no one with the last name Byrne worked in Wyatt's unit around the time Wyatt was allegedly assaulted. The City also told the Court it had identified four officers with the last name Johnson who worked in Wyatt's unit during the relevant time. At a hearing on July 13, 2018, Wyatt reviewed pictures of the four Officer Johnsons and said none of these officers is the officer he wants to serve.

At the hearing, the Court ordered the City to take additional steps to try to identify the officers. On July 27, 2018, the City advised the Court that it had expanded the time period it was using to search for the officers to the six months surrounding the alleged assault. The City also advised the Court that it searched for alternative spellings for the name Byrne. The City's new search turned up two more Officer Johnsons and an Officer Byard. The City sent Wyatt pictures of these additional officers, and Wyatt again said none of these officers are the people he intends to sue.

Over the next few months, the City continued its search for the officers. It located daily rosters from Wyatt's prison as well as a roster of all Philadelphia Department of Prisons employees around the time of Wyatt's alleged assault. The City produced these records to Wyatt. In an effort to identify Officer Byrne, the City also gave Wyatt pictures of all officers in his prison with a last name beginning with "B." After reviewing the rosters and pictures, Wyatt again stated that none of these officers were the officers he intends to sue. Instead, he insisted the City was making "false

statements." Pl. Letter, Oct. 10, 2018, ECF No. 23. He said that he was "100% sure" that he had the correct spelling of Officer Byrne's name. *Id.* at 3.

On July 9, 2019, the Court ordered Wyatt to show cause why his claims against the officers should not be dismissed without prejudice for lack of service. On August 1, 2019, Wyatt filed a brief again arguing the City's records were fraudulent and insisted more steps should be taken to locate the officers. On October 7, 2019, the Court dismissed the claims against Officers Johnson and Byrne without prejudice pursuant to Federal Rule of Civil Procedure 4(m), finding Wyatt had failed to show good cause why his claims against the officers should not be dismissed for lack of service. Wyatt no longer has any pending claims against the individual officers.

Since the Court dismissed the claims against Johnson and Byrne, the City has continued to attempt to assist Wyatt in identifying the officers' identity. Wyatt requested his prison medical file at a November 6, 2019, hearing, and the City provided Wyatt with his prison medical file after the hearing. The City also provided Wyatt with PICC logbooks from Wyatt's unit for the date of the alleged incident and the date of his transfer out of the City to Commonwealth custody. Wyatt then suggested Officer Byrne instead signed a hand-written logbook on May 17, 2013, the day he was transferred. *See* Pl. Letter, Jan. 29, 2020, ECF No. 38. The Court ordered the City to verify whether a hand-written logbook exists. The City has since submitted an affidavit from the warden stating no such logbook exists. *See* Def. Mot. Ex. L, ECF No. 49.

On March 17, 2020, the City filed the instant motion to dismiss for failure to prosecute and motion for summary judgment. The City argues "there is no genuine issue of material fact as to whether the City employed an unconstitutional policy, practice, or custom of depriving civil plaintiffs of access to the full names of purported defendants and/or refusing to accept service on behalf of properly identified defendants." *Id.* at 16. Because the Court has dismissed the underlying

claims against Officers Johnson and Byrne, the only remaining claim is Wyatt's access-to-courts claim against the City.

**DISCUSSION**

The Court will grant the City's motion for summary judgment because Wyatt cannot establish he was denied a chance to pursue a nonfrivolous or arguable underlying claim. A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" dispute is one where "the evidence is such that a reasonable jury could return a verdict for the [nonmoving] party." *Id.* All inferences must be drawn in favor of the nonmoving party. *See Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted). To defeat summary judgment, "the [nonmoving] party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (second alteration in original) (citation and internal quotation marks omitted). Further, a "[p]laintiff cannot simply reassert factually unsupported allegations in its pleadings." *Poles v. St. Joseph's Univ.*, No. 92-6797, 1995 WL 542246, at *5 (E.D. Pa. Sept. 11, 1995) (citing *Celotex*, 477 U.S. at 325).

Wyatt alleges the City denied him access to the courts when it did not accept service of his summonses without the first names of the officers. Prisoners have a right of access to the courts under the First and Fourteenth Amendments. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To succeed on his claim, Wyatt must prove: "(1) . . . [he] lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) [he has] no other remedy that may be awarded as recompense for the lost claim." *Id.* Because he is bringing a 42 U.S.C. § 1983 municipal liability claim against the City under *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978), Wyatt must also prove that the City had a policy or custom that violated his right to access the courts. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) ("When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." (citation omitted)). In addition, "it is well settled that before a municipality may be found liable under § 1983, there must be a constitutional violation." *Bittner v. Snyder Cnty.*, 345 F. App'x 790, 792–93 (3d Cir. 1996).

First, Wyatt has not made a showing sufficient to establish there was an underlying constitutional violation—that he was denied a chance to pursue a nonfrivolous or arguable claim. Wyatt's access-to-courts claim is premised on the City preventing him from pursuing a failure-to-protect claims against Officers Johnson and Byrne. Wyatt cannot show that he was prevented from pursuing this claim because the claim is frivolous due to the fact that the individual officers cannot be identified.

The record shows the City has worked diligently with Wyatt for over two and a half years to identify Officers Johnson and Byrne so Wyatt's failure-to-protect claims against them could proceed. Yet, to date, Wyatt has not identified Officers Johnson and Byrne. The City has produced

extensive records and pictures to aid Wyatt's identification. The City has also expanded the timeframe it used to search for the officers, and it has researched officers with similar last names. Wyatt continues to insist none of the officers the City has found are the officers he intends to sue, and he claims the City's records are fraudulent. *See* Pl. Opp'n 2, ECF No. 55. The City has made every effort to identify the officers and Wyatt has not suggested what else can be done to effectively identify them.

Although Wyatt's allegations against the City were sufficient to survive a motion to dismiss, Wyatt "cannot simply reassert factually unsupported allegations in its pleadings" at the summary judgment stage. *Poles*, 1995 WL 542246, at *5 (citing *Celotex*, 477 U.S. at 325). Wyatt's allegations that the City's records are fraudulent, without evidence, are insufficient. *See Burton*, 707 F.3d at 425 ("[T]he non-moving party must present more than a mere scintilla of evidence."). Instead, the only inference to be drawn from the record is that the officers do not exist. As a result, Wyatt cannot establish he was prevented from pursuing a nonfrivolous claim because the claim was asserted against two individuals who cannot be identified or do not exist. Because the officers cannot be identified, there is no genuine issue of material fact such that a reasonable jury could return a verdict in favor of Wyatt on his access-to-courts claim against them. *See Tapp v. Brazil*, No. 11-677, 2014 WL 2587026, at *4 (E.D. Pa. June 9, 2014) (granting defendants' motion for summary judgment where "[o]ther than [plaintiff's] own contradictory allegations, there is no record evidence showing [plaintiff's] efforts to litigate his . . . cases were frustrated as a result of [d]efendant's actions").

Assuming Wyatt could establish he was prevented from pursuing a nonfrivolous claim against Officers Johnson and Byrne, there is no evidence of a policy of doing so as required to prevail on his *Monell* claim against the City. Wyatt alleges the City had a policy or custom to

refuse to accept service on behalf of the correctional officers unless he provided their first names, but that correctional department rules prohibited him from obtaining this information. In *Andrews v. City of Philadelphia*, the Third Circuit explained how to establish a government policy or custom:

> Policy is made when a "decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanently and well-settled" as to virtually constitute law.

895 F.2d 1469, 1480 (3d Cir. 1990) (citation omitted). Further, the claim must "allege conduct by a municipal decisionmaker." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Here, there is no evidence of the existence of any policy or custom to refuse to accept service without an officer's first name, while also preventing inmates from learning their first name. Wyatt has also not identified any decisionmaker making the policy or custom. Accordingly, there is no genuine dispute of material fact and Wyatt's *Monell* claim fails as a matter of law. *See Craig v. Collins*, No. 13-1873, 2013 WL 5271521, at *9 (E.D. Pa. Sept. 17, 2013) (finding defendants are entitled to summary judgment as a matter of law because "[plaintiff] produced no evidence to support his conclusory claim of *Monell* liability"); *Cortlessa v. Cnty. of Chester*, No. 04-1039, 2006 WL 1490145, at *7 (E.D. Pa. May 24, 2006) (granting defendant's motion for summary judgment where plaintiff failed to put forth evidence of county's custom or policy).

**CONCLUSION**

In sum, the City is entitled to judgment on Wyatt's access-to-courts claim because Wyatt cannot establish his failure-to-protect claim was nonfrivolous. Further, there is no evidence of a policy or custom denying Wyatt access to courts as required to hold the City liable pursuant to

*Monell*. As a result, the Court will grant the City's motion for summary judgment and enter judgment in its favor.

      An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.
